UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAPOLEON CUIN TINOCO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00150-WBS-SCR<br><br><br><br>ORDER |

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1] Because petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondent will be directed to show cause why the writ should not be granted by filing an answer/return within 14 days from the date of this order. See 28 U.S.C. § 2243. Petitioner may file a reply/traverse to the answer/return within 7 days after being served a copy of it.

In accordance with the above, IT IS HEREBY ORDERED that:

---

[1] Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 allows a district court to apply any or all of the rules to other types of habeas corpus petitions including § 2241 petitions.

1

1. Respondents are directed to file an answer/return within 14 days from the date of this order. If an answer/return is filed, respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

3. Petitioner's reply/traverse, if any, is due within 7 days after being served a copy of respondent's answer/return.

4. Absent a further order of the court, the petition will be taken under submission after the filing of the reply/traverse.

5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

6. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: January 13, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE